IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK WAYNE THIBEAU, :
:
         Petitioner, : CIVIL NO. 3:CV-05-0454
:
v. : (Judge Caputo)
:
CRAIG APKER, :
:
         Respondent. :

**O R D E R**

     Mark Wayne Thibeau, a federal prisoner confined at the Low Security Correctional Institution in Allenwood, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.  Thibeau claims that he is innocent of the charges for which he is imprisoned, and that his due process rights were violated in his trial and conviction.  By Order dated March 22, 2005, this Court dismissed the habeas petition, without prejudice to file a motion for leave to file a successive § 2255 habeas petition.  Presently pending is Petitioner's motion for reconsideration of the Order dismissing the petition.  For the following reasons, Petitioner's motion will be denied.

     A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the Court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985).  It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to

the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion for reconsideration, Thibeau fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claims merit reconsideration. Petitioner merely wants this Court to rethink its earlier decision. *Glendon Energy Co. V. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made). Accordingly, this Court finds that Petitioner has not satisfied the requirements for a successful motion for reconsideration.

**AND NOW, THEREFORE, THIS 27th DAY OF APRIL, 2005, IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 6) is **DENIED.**

                                        /s/ A. Richard Caputo
                                        A. RICHARD CAPUTO
                                        United States District Judge